**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 21, 2005
Decided August 10, 2005

**Before**

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Diane P. Wood, *Circuit Judge*

Hon. Diane S. Sykes, *Circuit Judge*

No. 04-1128

| | |
|---|---|
| United States of America,<br>                    *Plaintiff-Appellee,*<br><br>          *v.*<br><br>Tommy R. Currie,<br>                    *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois<br><br>No. 02-20067<br><br>Michael P. McCuskey,<br>*Chief Judge.* |

**O R D E R**

Tommy Currie pleaded guilty to one count of possession with intent to distribute five or more grams of crack in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In connection with his cooperation with the government, Currie admitted to distributing 2,880 grams of crack. On January 7, 2004, the court sentenced Currie to 240 months' imprisonment, eight years' supervised release, and a $100 special assessment.

On April 5, 2005, we ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), petition for cert. filed, (U.S. May 26, 2005) (No. 04-10402), for a determination whether the district court would have imposed a different sentence had it realized that the Guidelines were advisory rather than mandatory. After considering both parties' submissions on that point, the court indicated that it would impose the same sentence of 240 months'

imprisonment even under the advisory guidelines. The court explained:

> This court has considered the arguments of counsel, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a). This court notes that defense counsel provided well-researched arguments on Defendant's behalf. However, based upon Defendant's criminal history and the nature of the offense to which he pleaded guilty, this court finds that, had this court known that the guidelines were advisory, it would have imposed the same sentence. This court carefully considered the facts regarding Defendant's cooperation and assistance at the time of Defendant's sentencing and, after this careful consideration, determined that a downward departure of two levels was appropriate. This court would, therefore, adhere to its original sentence in this case.

As we explained in *Paladino*, "the mere reimposition of the original sentence does not insulate it from appellate review under the new standard." 401 F.3d at 484. "If [the district court determines that it would reimpose the original sentence], we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*. *Id.* (citing *Booker*, 125 S. Ct. at 765). Therefore, we now review whether the sentence the district court imposed was reasonable, the "final component of the *Paladino* plain error equation." *United States v. Mykytiuk*, No. 04-1196, 2005 U.S. App. LEXIS 13508, *2 (7th Cir. July 7, 2005).

"Pursuant to *Booker*, the reasonableness of a sentence is guided by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alburay*, No. 03-3848, 2005 U.S. App. LEXIS 15591, *9 (7th Cir. July 29, 2005) (quoting *Booker*, 125 S. Ct. at 765-66). Section 3553(a) requires that a court consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(6).

We have recently held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, No. 04-1196, 2005 U.S. App. LEXIS 13508, *4 (7th Cir. July 7, 2005). Currie has not offered any evidence based on the factors recognized by § 3553(a) that would tend to rebut that presumption. Apart from arguing that the sentence is simply too harsh given the circumstances of his own crime, he also claims that the sentence is unreasonable because it reflects the 100:1 disparity between sentences for crack cocaine offenses and powder cocaine offenses found in the Sentencing Guidelines. That

it does, but had the district court thought that Currie deserved a sentence closer to the level prescribed for powder offenses, it was free to inform this court that it was inclined to resentence. It did not do so, and we are not inclined to transform the ability to object to the reasonableness of particular sentences into an opportunity to make a broadside attack on across-the-board applications of particular Guidelines.

We conclude that Currie's sentence, which actually reflected a 52-month downward departure from the original range of 292 to 365 months, was reasonable. We therefore AFFIRM the judgment of the district court.